# FILED

October 15, 1999

Cecil Crowson, Jr.

Appellate Court Clerk

## IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| SAM KNAFFL, | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | No. 03A01-9901-CH-00006 |
| | ) | |
| vs. | ) | Appeal As of Right From The |
| | ) | KNOX COUNTY CHANCERY COURT |
| THE DOUGLAS COMPANY, | ) | |
| | ) | |
| Defendant/Appellant | ) | HONORABLE |
| SHARON BELL | | |

**For the Appellant:**

Robert H. Green,

Rob Quillin

Kennerly, Montgomery & Finley, P.C.
Knoxville, Tennessee

**For the Appellee:**

J. Myers Morton,

George W. Morton, Jr.
Morton & Morton, PLLC

Knoxville, Tennessee

VACATED AND REMANDED

Swiney, J.

## OPINION

This is an appeal from an Order of the Chancery Court of Knox County, Chancellor Sharon Bell, denying defendant/appellant's motion to compel arbitration. The cause of action arose from a dispute between a subcontractor (Plaintiff) and the general contractor (Defendant) under a residential construction contract concerning a development in Knox County. Defendant, one of five named defendants, responded to Plaintiff's Complaint with a motion to order the parties to arbitration, citing an arbitration clause in the contract at issue, and to dismiss or for summary judgment, citing a venue selection clause in the same contract naming Lucas County, Ohio as exclusive venue for all litigation between the parties. Following a hearing on the motions, the Chancellor entered an Order overruling the motion for arbitration, and sustaining the motion to dismiss as to this Defendant.[0] Subsequently, Plaintiff moved to alter or amend judgment or for a new trial, citing to the Court Tenn. Code Ann. § 66-11-208. The Chancellor then entered an Order withdrawing the previous Order, and denying both motions of Defendant. This appeal is properly before the Court under the Trial Court's Rule 54.02 determination and under Tenn. Code Ann. § 29-5-319(a)(1).[0] The Order of the Trial Court denying Defendant's motion for order to arbitration is vacated, and this cause remanded for arbitration proceedings under the surviving terms of the contract consistent with this Opinion and the Uniform Arbitration Act, Tenn. Code Ann. § 29-5-301 *et seq*.

## BACKGROUND

The parties entered into a contract dated November 7, 1997 whereby Plaintiff/Appellee Sam Knaffl, apparently doing business as Knaffl Construction, was to provide certain painting services as subcontractor for Defendant/Appellant The Douglas Company, general contractor in the construction of Lanesborough Apartments in Knox County. After recording his materialman's lien, Plaintiff filed suit in Knox County Chancery Court on June 5, 1998 seeking payment for services allegedly performed under the contract, naming as parties defendant not only The Douglas Company, but also the owner of the property at issue, the trustee of record of a deed of trust on the property, and two insurance companies as sureties on a related bond filed by The Douglas Company.

As the work and materials alleged as the basis for the demand for payment set forth in the Complaint allegedly fell short of the specifications of the contract at issue, a dispute arose between the parties concerning performance under the contract. The record contains an Answer on behalf of Travelers Casualty & Surety Company of America, as successor to the interests of Aetna Casualty & Surety Company of America, asserting that a "Bond to Discharge Lien" under Tenn. Code Ann. § 66-11-142 relating to the project at issue was recorded April 8, 1998.

Defendant The Douglas Company filed on August 11, 1998 a motion to dismiss or for summary judgment, and an alternative motion for order to arbitration. Both motions were heard by the Chancellor on October 12, 1998, and by Order entered November 13, 1998 the motion to order arbitration was overruled and the alternative motion to dismiss or for summary judgment was sustained, with Defendant The Douglas Company dismissed from the cause of action, which continued as to the other defendants.

Plaintiff filed a motion to alter or amend judgment or for new trial on November 25, 1998, citing to the Trial Court Tenn. Code Ann. § 66-11-208 as authority for invalidating the contract's venue selection clause. By Order entered December 1, 1998 the Chancellor withdrew the November 13 Order, denied both of Defendant's motions, and declared the judgment to be a final judgment under Tennessee Rules of Civil Procedure Rule 54.02. Defendant appeals the Chancellor's denial of the motion to order arbitration to this Court.

## DISCUSSION

The motion to order arbitration, and resulting Orders of the Trial Court, were based upon the interpretation of the contract between the parties. "The interpretation of a contract is a matter of law that requires a *de novo* review on appeal." *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999). Likewise, the interpretation of an arbitration clause in a contract is a question of law. *Rapp Constr. Co. v. Jay Realty Co.*, 809 S.W.2d 490, 491 (Tenn. Ct. App. 1991).

Defendant raises two issues on appeal: (1) whether the Trial Court should have severed the venue provision found to be offensive to Tenn. Code Ann. § 66-11-208 and upheld the remaining

provisions of the arbitration clause in the contract at issue, and (2) whether the Federal Arbitration Act pre-empts application of Tenn. Code Ann. § 66-11-208. The issue regarding the Federal Arbitration Act was neither argued at the Trial Court hearing on the motion to order arbitration, nor asserted in response to Plaintiff's motion to alter or amend judgment or for new trial, and thus it is waived on appeal. *Tenn. R. App. P. Rule 36(a)*. Although judicial notice of a federal statute is proper, mere notice of the statute does not address application to the facts on appeal. Tennessee Rules of Appellate Procedure Rule 13(c). Applicability of the Federal Arbitration Act depends upon the facts of the particular case. Since the Appellant never raised the issue regarding the Federal Arbitration Act at the Trial Court, and no facts on the applicability of that statute were presented to the Trial Court, there was no determination of the facts by the Trial Court on this issue. This issue is waived.

The only issue properly on appeal is the action of the Trial Court in denying Defendant's motion to arbitrate the dispute between these parties. The contract clause at issue reads:

> 22. DISPUTES: (a) Should a dispute arise between the parties involved in this Subcontract * the Contractor at its sole discretion, shall be entitled to refer to arbitration or other alternative methods of dispute resolution, at the option of the Contractor, all claims, disputes and other matters in question arising out of, or relating to the Subcontract or the breach thereof. Arbitration shall be conducted in accordance with the current Construction Industry Arbitration Rules of the American Arbitration Association, unless the parties mutually agree to the selection of an independent arbitrator. Arbitration shall be conducted in Toledo, Ohio, unless a different location is mutually agreed to by the parties involved and the Subcontractor hereby expressly waives any and all objection it might have to the location of the Arbitration being held in Toledo, Ohio. The award rendered by the Arbitrator shall be final and judgement may be entered upon it in a Court of Competent jurisdiction in accordance with applicable laws in the State of Ohio.
>
> (b) In the event of suit by the Contractor or its surety against the Subcontractor or its surety or those with whom he deals on behalf of this Subcontract, or suit by the Subcontractor or its surety or those with whom he deals on behalf of this Subcontract, against the Contractor or its surety, the venue of such suit shall be in Lucas County, Ohio and the Subcontractor hereby waives for itself, its surety or those with whom he deals on behalf of this Subcontract whatever rights it may have in the selection or determination of venue.
>
> * Except for personal injury

It is significant to note that the asterisk was handwritten, and the inserted material separately typewritten at the bottom of the pre-printed page. There is a notation similar in form in the section of the contract dealing with personal injury claims. Defendant avers that both sections were the subject of negotiation by the parties, with the inserted material required by Plaintiff in forming the agreement.

The motion to alter or amend judgment or for new trial was based on the application of Tenn. Code Ann. § 66-11-208. The statute reads:

> (a) Except as provided in subsection (b), a provision in any contract, subcontract or purchase order for the improvement of real property in this state is void and against public policy if it makes the contract, subcontract or purchase order subject to the substantive laws of another state or mandates that the exclusive forum for any litigation, arbitration or other dispute resolution process is located in another state.
>
> (b) The prohibition of subsection (a) shall not apply to any contract, subcontract or purchase order for the improvement of real property which is located partially in Tennessee and partially in another state or states. Venue in a dispute over such contract may be in any state in which part of the property is located.
>
> *Tenn. Code Ann. § 66-11-208, Real estate improvement contracts - Certain venue provisions prohibited.*

Plaintiff expends much effort arguing that the arbitration clause is void not only to the extent that it may offend Tenn. Code Ann. § 66-11-208, but also for "lack of mutuality," in that the right to invoke arbitration under the agreement is a unilateral right of Defendant. Plaintiff argues that there is no consideration to support the agreement to arbitrate, and thus the clause must be excluded in its entirety. Plaintiff is in error. The Tennessee Supreme Court upheld the ruling of this Court that a contractual obligation to be bound by the decision of the arbitrator is sufficient consideration to support an arbitration agreement. *Buraczynski v. Eyring*, 919 S.W.2d 314, 321 n.6 (Tenn. 1996) affirming *Buraczynski, et al. v. Eyring, et al.*, Nos. 03A01-9402-CV-00053, 03A01-9402-CV-00054 (Tenn. Ct. App. Nov. 30, 1994)(where a contract of adhesion mandating arbitration as to all controversies between a physician and patient was found to be binding, as the arbitration procedure specified by the agreements gave no unfair advantage to the physician). Such agreement by Defendant to be bound by the decision of the arbitrator is contained in the contract at issue, providing sufficient consideration to support the invocation

of the agreement to arbitrate. Equally as important is the fact that the arbitration provision was only one of many provisions contained in the contract. The contract was not solely an agreement to arbitrate. The arbitration provision was one of numerous and separate provisions in the contract. Apparently it is Plaintiff's position that separate consideration must be shown for each particular provision to a contract rather than consideration in the contract as a whole. Plaintiff's position is unsupportable, and the contract in question on its face shows sufficient consideration to support the agreement.

Plaintiff further argues the severance clause of the contract providing that any provision found to be offensive to the laws of any jurisdiction is insufficient to preserve the agreement to arbitrate. Inaccurately quoted by Plaintiff in his brief, the clause properly states in relevant part, ". . . only those provisions hereof which in any way contravene the laws of (any jurisdiction) shall not be deemed a part of this Subcontract. The remaining items and conditions of the Subcontract shall remain in full force and effect."

Plaintiff asserts that the entire agreement to arbitrate, not just the provisions which may run afoul of Tenn. Code Ann. § 66-11-208, should be stricken from the agreement. Plaintiff is in error. Enforcement of a contract clause to arbitrate disputes is favored by legislative policy. "The Legislature has, by enacting the Uniform Arbitration Act, embraced a legislative policy favoring enforcement of such agreements." *Buraczynski v. Eyring*, 919 S.W.2d 318-319. "It is the responsibility of the courts to give as broad a construction to an arbitration agreement as the words and intentions of the parties, drawn from their expressions, will warrant, and to resolve any doubts in favor of arbitration." *Wachtel v. Shoney's, Inc.*, 830 S.W.2d 905, 908 (Tenn. Ct. App. 1991). Therefore, it is the responsibility of this Court to interpret the agreement of the parties to arbitrate "all claims, disputes and other matters in question" by resolving any doubt in favor of arbitration. The words and expressions of the parties, supported by the indication that the clause was the subject of negotiation and amendment by the parties, requires the finding that the parties agreed to arbitrate disputes at the option of Defendant. The interpretation of the arbitration provision that will best give effect to the parties' agreement while still complying with Tenn.Code Ann. § 66-11-208 is to require the parties to arbitrate but to delete the venue

provision of the contract requiring arbitration to be in the State of Ohio. Pursuant to Tenn. Code Ann. § 66-11-208, references in paragraph 22 of the contract, the arbitration clause, as to "Toledo, Ohio," " State of Ohio," and "Lucas County, Ohio" are stricken as void.

The Trial Court's order denying Defendant's Motion To Order Arbitration is vacated, but the provision mandating arbitration be conducted in Toledo, Ohio is stricken as void under Tennessee Law.

### **CONCLUSION**

The Order of the Trial Court denying Defendant's motion for order to arbitration is vacated and the cause remanded for further proceedings under the agreement of the parties and the Uniform Arbitration Act, Tenn. Code Ann. § 29-5-301 *et seq*., consistent with this Opinion. Costs on appeal are adjudged against the Appellee.

_____
D. MICHAEL SWINEY, J.

CONCUR:

_____
HOUSTON M. GODDARD, P.J.

_____
HERSCHEL P. FRANKS, J.